AMERICAN MALLEABLES COMPANY, PROSECUTOR, v. THE TOWN OF BLOOMFIELD IN THE COUNTY OF ESSEX AND STATE OF NEW JERSEY.

Submitted July 6, 1911—Decided November 10, 1911.

A municipality entered into a contract with a railroad company providing for the elevation of its railroad tracks in order to abolish grade crossings. To accomplish this it was necessary either to eliminate an industrial siding, which crossed a street and connected prosecutor's factories with the railroad, or elevate it. The contract required the town to vacate the street, and the railroad company to elevate its tracks, and preserve the industrial siding at the same elevation. The prosecutor, with this understanding, permitted the railroad company to build its depot on its land in furtherance of the contract; made no objection to the vacation of the street along its land, and permitted the removal of the existing siding. The town then adopted a resolution to modify the original contract by eliminating the siding, and agreed to pay all damages the prosecutor might suffer from the discontinuance by the railroad company of the siding. *Held,* that the town had no authority to pledge public funds in exoneration of the liability of the railroad company to the prosecutor because of its non-observance of a right which the prosecutor claimed to be due to it from the company.

On *certiorari.*

Before Justices SWAYZE and BERGEN.

For the prosecutor, *Pitney, Hardin & Skinner.*

For the defendant, *Charles F. Kocher.*

The opinion of the court was delivered by

BERGEN, J.  Prior to its elevation, as herein described, the main line of the Delaware, Lackawanna and Western Railroad Company, through the town of Bloomfield, crosses its streets at grade.  Between Washington street and Glenwood avenue the company's right of way ran parallel with, and adjoined on the east, Mechanic street, across which, and connected with the

main line, ran an industrial siding which was continued over the property of the prosecutor, lying west of the railroad and Mechanic street to its factories, and was used by the railroad company to deliver and carry away freight by carloads. The town, desiring to abolish certain grade crossings under the provisions of *Pamph. L.* 1901, *p.* 116, and *Pamph. L.* 1903, *p.* 661, authorized, by ordinance, the making of a contract with the railroad company, which was duly executed, the terms of which provided that the company should elevate its tracks to accomplish the desired improvement in the manner therein set forth and according to certain maps and plans filed with the town and adopted as a part of the contract. The contract, among other things, provided that the industrial siding should be maintained, as shown on the maps and plans, to leave the main line north of Washington street at the elevated grade, crossing Mechanic street in a diagonal course, and from thence extending to the works of the prosecutor. It also required the town to vacate Mechanic street between Washington street and Glenwood avenue, which was done, and the railroad company erected abutments at Washington street to provide for the siding at the elevation shown on the maps. The contract also provided that the railroad company should construct a depot between Washington street and Glenwood avenue at the location fixed on the plans adopted, the construction of which was commenced and its foundation occupies nearly the entire width of what was Mechanic street at that point, one-half of which reverted to prosecutor when the street was vacated, and it is stipulated "that for the purposes of such work by said railroad companies, in accordance with the contract between said town of Bloomfield and the said railroad companies, possession of the portion of the land within the lines of said (old) Mechanic street belonging to said prosecutor and reverting to it by the vacation, has been permitted to said railroad companies, and the industrial sidings formerly connecting the property of the prosecutor with the railroad have been removed." With matters in this posture, the prosecutor, relying upon the provision made for it in the contract, and having interposed no

objections to the vacation of the street, and the erection of the depot on its land, the town, by resolution, authorized a supplementary agreement "so as to omit the construction of the said industrial sidings and switches on the property of the American Malleables Company or the Hedden Iron Construction Company between Glenwood avenue and Washington street in said town of Bloomfield," upon condition that the railroad company acquire by condemnation or agreement the land in Mechanic street which would revert to the prosecutor because of the vacation of Mechanic street, but it does not appear that this condition was ever performed.  The proposed amended agreement also bound the town to pay all damages arising from the elimination of the siding.  The present writ brings up the resolution authorizing this modification of the contract.  When the resolution was adopted Mechanic street was not a public highway, it belonged to the adjacent landowners, one of whom was the prosecutor, and the town no longer had any police control over it as a highway, and neither the main line or siding crossed any street at grade, that had been eliminated as provided for in the original contract, and the resolution could only operate upon the relations existing between the railroad company and the prosecutor regarding siding facilities to be furnished by the company, to which the town was not a party, and the damages, if any, resulting from the withdrawal of any such existing facilities would not be a charge upon the public funds, unless it was necessary in order to abolish a grade crossing, which in this case had been provided for and accomplished before the resolution was adopted.  The town had no power to pledge public funds in exoneration of the liability of the railroad company to the prosecutor because of its non-observance of a right to which the prosecutor might be entitled, and which the company was apparently unwilling to violate without indemnity, and therefore the resolution is void.  This makes it unnecessary to consider the other questions raised, but it is doubtful whether, when this contract was made for the benefit of the prosecutor, although it was not a party, but acting on the benefits it conferred on it, it allowed the rail-

road company to erect a building on its property and permitted the existing siding to be removed as required by the contract, and acquiesced in all that was required of it to carry out the contract, and after all that it might have protested against had been accomplished, to the knowledge of the rail-road company and the town, they can, without notice to it, and without restoring the *status quo,* deprive it of a contract, to the consideration of which it has contributed by allowing its land to be used in execution of the contract, relying upon the benefits it reserved to it.

For the reason first given the resolution under review will be set aside.