## CHARLES A. BUOHL v. BOARD OF COMMISSIONERS OF THE CITY OF BEVERLY.

### Argued July 10, 1916—Decided July 18, 1916.

When, in cities governed by a commission form of government under *Pamph. L.* 1911, *p.* 462, it is sought to have an ordinance passed under the provisions of that statute relative to the initiative, the procedure provided by the statute for petitioning for such ordinance must be strictly followed. The affidavit, verifying the signatures to the petition, must be distinct from the paper forming part of the petition ; the affidavit must be made by one who has signed the petition ; each signer must add to his signature his place of residence, giving the street and number ; and the ordinance passed or submitted must be the identical one petitioned for, without alteration.

On rule to show cause for *mandamus.*

Before Justices Swayze, Minturn and Kalisch.

For the rule, *Stackhouse & Kramer.*

Opposed, *Ernest Watts* and *John G. Horner.*

The opinion of the court was delivered by

Swayze, J. This is an application for a *mandamus* to compel the commissioners of Beverly to submit to a vote of the people a proposed ordinance to establish an excise commission. The statute (*Pamph. L.* 1911, *p.* 462) requires that one of the signers of each paper constituting the petition shall make an oath that each signature to the paper appended is the genuine signature of the person whose name it purports to be. This language can only mean that the affidavit to which oath is required to be made shall be distinct from the paper forming part of the petition. Otherwise the words "paper appended" are without force. In the present case there are four papers, one of them containing seventy-eight names out of a total of one hundred and seventy-one, is verified only by the affidavit of one who did not sign the paper itself.

Without this paper there are not enough signatures to comply with the statute. This is fatal to the application.

As proceedings of this kind are unusual, this being the first that has come before us, we think it well to state other difficulties which ought to be avoided. The papers petition for the passage of an ordinance entitled "An ordinance to establish an excise department in the city of Beverly." No copy of the proposed ordinance is attached, nor is there anything to show that any ordinance was called to the attention of the petitioners. So far as appears the petition would be complied with by the passage of any ordinance, no matter what its contents might be, if only it was entitled as set forth in the petition. The fact that with the four papers constituting the petition, there was handed to the clerk a fifth paper containing a draft of an ordinance is immaterial. It is not shown that each petitioner saw and read that draft, or that it was the proposed ordinance each petitioned for. The legislature was careful to say that the ordinance petitioned for should either be passed without alteration or submitted to the people without alteration. The scheme of the act seems to require that the ordinance without alteration be recommended by the petitioners. This can only be done, as far as we can see, by showing that each petitioner knew the contents of the proposed ordinance and petitioned for that very ordinance without alteration. Perhaps a *prima facie* case would be made by attaching a copy of the proposed ordinance to each paper. We need not pass on these questions now and mention them in the hope that we may not hereafter be called to pass on difficulties that can readily be avoided.

There is another seeming defect. The statute requires that each signer shall add to his signature his place of residence, giving the street and number. It appears that most, if not all, of the streets of Beverly are named and many of them are numbered. Yet but few have given the numbers as the statute requires. This defect could have been easily avoided if the petitioners had taken the care that should be taken in the initial step of so important a matter as municipal legislation.

The application is denied, with costs.