HORACE R. BOGLE, PROSECUTOR, v. JOHN F. WOODS ET AL., COMMISSIONERS OF LYNDHURST, NEW JERSEY, DEFENDANTS.

Argued May 3, 1932—Decided June 24, 1932.

Before Justices PARKER, CAMPBELL and LLOYD.

For the prosecutor, *Carey & Lane.*

For the defendants, *William George.*

PER CURIAM.

A *certiorari* was issued in this case to review two resolutions passed by the board of commissioners of the township of Lyndhurst at its meeting on March 21st, 1932. The first resolution purported to appoint commissioner John F. Woods as director of public affairs and public safety in place of Horace R. Bogle, the prosecutor, and directed that he should have the same powers as Bogle had exercised as director of the department.

The second resolution purported to appoint John A. Flynn as the chief of police. The township is governed by the Walsh act and is accorded by that act three commissioners for its government. These commissioners were Bogle, Woods and one Guidetti. They were elected May 14th, 1929, and organized one week later. At the organization meeting Bogle was designated as mayor and assigned to the department of public safety and affairs; Woods to the department of revenue and finance, and Guidetti to streets and public property. As such they acted until March 21st last when the resolutions were passed.

At the inception of this meeting and before the resolutions brought up by the writ were passed, Bogle, as director of public safety, announced that he had appointed one Otto Baer, Jr., as chief of police in the place of the former chief who had died.

The prosecutor contends that both resolutions are invalid and argues as to the attempted appointment of Woods that it would make him both director of public affairs and public safety and also director of the department of revenue and finance, which is in violation of the act which provides that each commissioner shall be designated by majority vote of the board of commissioners to be director of one of the departments at the organization meeting; and further contends that the resolution was invalid because it failed to place the prosecutor Bogle in charge of any department.

The act provides that the designation of commissioners so assigned may be changed whenever it appears that the public service would be benefited thereby. Doubtless there would

be a presumption that any changes made would be for the benefit of the public service and we do not see any evidence in the case sufficient to indicate that this is not so in so far as the assignment of Woods to public affairs and public safety was concerned. But whether it was necessary to shift Woods from revenue and finance and substitute Bogle in the same resolution, it undoubtedly followed, without a resignation or a resolution vacating Woods' position as head of the department of revenue and finance, that at the time he was elected to the department of public affairs and safety he was thereby appointed to two positions, one that he held and the other to which he had just been assigned. Plainly the act contemplates that there shall be a division of authority and an imposition of individual responsibility in departmental work, and that each commissioner should be assigned to a single department and be held accountable for its management. This is indicated by the power of appointment which is conferred upon the respective commissioners by the act and the power of removal similarly conferred.

It appears from the depositions taken that the prosecutor was assigned to public affairs and public safety a few days later, viz., on April 11th, but this would not cure the illegality, particularly as the writ of *certiorari* was allowed on April 5th, and explicitly to operate as a stay, so that an attempt to cure the illegality savored of contempt. Apart from this, if dual office holding could be effected for a day or a week, as in this case, it could be effected for an indefinite period, and one or more of the commissioners wholly deprived of functions which it is intended by the act should upon assignment wholly vest in the appointee.

We therefore conclude that the resolution appointing Woods commissioner of public affairs and public safety while he held the position of revenue and finance was illegal; that Woods would first have to be divested of the commissionership of revenue and finance before he could be appointed to the other position; or at best, contemporaneously with such appointment.

We consider also that the resolution appointing Flynn

chief of police was illegal and that for two reasons: First, that there was no vacancy in the position. At the time of the adoption of the resolution Bogle was the director of public affairs and public safety and this regardless of the validity of the action of the commissioners in attempting the shift in directorships, and he having made the appointment of Baer, that officer was holding office and there was no vacancy. Secondly, power of appointment of the chief of police rested in the individual who at the time was director of public affairs and public safety and not in the board as a whole after the original meeting of the commissioners. The law is settled on this point. *Seaman* v. *Strollo*, 105 *N. J. L.* 570; 146 *Atl. Rep.* 331. As to the suggestion that the attack on the Flynn appointment should be by *quo warranto*, we are clear that under the circumstances of this case *certiorari* will lie. *Murphy* v. *Freeholders*, 92 *N. J. L.* 244; 104 *Atl. Rep.* 304.

The resolution relating to Woods will be set aside, with costs. With regard to the Flynn resolution, strict practice requires that he be made a party to the record, by endorsement of his name on the writ and service of such writ upon him. *Zeller* v. *Guttenberg*, 81 *N. J. L.* 305; 83 *Atl. Rep.* 466. But as it seems perfectly clear, in view of the Strollo case, that his appointment was illegal, he may be brought in at this time and be heard at a short day if desired; or failing such hearing a rule may be entered setting aside the resolution purporting to appoint him and brought up by the writ.