FRANKLIN J. McGLYNN, RELATOR, v. ALFRED J. GROSSO, RESPONDENT.

Submitted January 25, 1935—Decided April 4, 1935

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the relator, *John J. Clancy* and *Edward R. McGlynn*.

For the respondent, *William A. Calhoun*.

The opinion of the court was delivered by

PARKER, J.   *Quo warranto* under section 4 of the act (*Comp. Stat., p.* 4212), between two contestants for the office of "town attorney" of the town of West Orange, a municipality having five commissioners under the Commission Government act.   See *Cum. Supp. Comp. Stat.* 1924, *pp.* 2457 *et seq.; Cum. Supp. Comp. Stat.* 1930, *pp.* 1268 *et seq.,* and particularly section 4 (at *p.* 1270).   Grosso, the respondent, was appointed December 13th, 1933, for a term of one year, and claims as a holdover.   The question is not so much as to Grosso's title as touching that of McGlynn; for if he was lawfully appointed and qualified, that disposes of any claim on the part of Grosso.   The dispute arises, as usual, out of a disagreement in the board of commissioners.

That board was elected on May 8th, 1934, and organized on the 15th.   The five departments were assigned in the usual manner, that of public affairs going to Commissioner Laidlaw. The next step was to "determine the powers and duties to be performed by each department," &c.   *Pamph. L.* 1930, (at *p.* 997).

In designating the powers and duties of the department of public affairs, the resolution of May 15th read as follows:

"Resolved that Commissioner Benjamin P. Laidlaw be and he is hereby chosen and designated as Director of the Department of Public Affairs.

"Be it further resolved that the Department of Public Affairs shall have supervision and direction of the following departments, offices and functions of the town: Department of Public Health, · Overseer of the Poor, Department of Licenses and Fees, Sinking Fund Commission, Scavenger Service, Zoning, Incinerating Department, Planning Commission, Purchasing Department, Town Clerk and Town Attorney, except that the Town Clerk and Town Attorney shall be selected by a majority vote of the entire Board of Commissioners."

Commissioner Laidlaw objected to the final excepting clause, reserving to the commissioners as a body the appointment of town attorney (that of town clerk is not here in question) and a week later, over Laidlaw's objection, the board passed a resolution rescinding the whole resolution of May 15th above quoted, and adopted a new one identical with the first but ʿconcluding with the words "Purchasing Department." It will be observed that this last resolution, if valid, left the director of Public Affairs not only powerless to appoint the town attorney, but without any exclusive jurisdiction over him when appointed. Grosso was still in office as town attorney, his term not expiring until December 12th, 1934. As he was immune to attack until that date, it may be that either resolution, or both, could have been challenged by *certiorari*. No such challenge seems to have been made. Nor was there any direct attack, so far as appears, on a further resolution adopted also on May 22d, and which reads as follows:

"Whereas the services required of the Town Clerk and Town Attorney are of a general nature and of equal importance to each of the Departments of the Town of West Orange.

"Be It Resolved that the Department of public affairs, Department of revenue and finance, department of public safety, department of public works and the department of

parks and public property shall have supervision and direction of the town clerk and town attorney and that the appointment of the town clerk and town attorney be and the same is hereby lodged with the Board of Commissioners as a whole and shall be made by a majority vote of the entire commission."

Mr. Laidlaw seems to have bided his time until December 13th, when Grosso's term had run out, and then notified the town clerk in writing that he had appointed relator McGlynn, who took the oath of office on the following day, and promptly brought the present information.

The gist of the argument for the relator we take to be this: that under the statute it was the duty of the board on May 15th to distribute (in the language of the brief) the various powers and duties to the several departments, including the power to appoint subordinate officers unless such appointments were made by the full board on that date or as soon as may be after organization. *Seaman* v. *Strollo,* 105 *N. J. L.* 570. That by the resolution of May 15 the offices of town clerk and town attorney were "distributed" to the department of public affairs; that such distribution *ipso facto* carried the power of appointment; that the attempted reservation of such power to the full board was nugatory as in conflict with the "distribution;" that the subsequent attempts on May 22 at rescission, and a new resolution omitting the two offices, together with the supplementary resolution purporting to "lodge" the appointment of town attorney in the full board, were all likewise nugatory. Hence, it is argued, the appointment of McGlynn by Laidlaw on December 13th was a valid appointment, and entitled McGlynn, on due qualification, to the office.

We find it unnecessary to consider any official action except the original resolution of May 15th, on which the whole argument is rested. We cannot agree that the allocation therein of the office of town attorney is to be held effective in itself, and the excepting clause disregarded as if not present. The intent of the board to reserve the appointment to itself is perfectly clear, and is corroborated by all its subsequent

action. Reasonable construction requires that the whole resolution be considered, and that consideration leads us clearly to the conclusion that the reservation of the power to appoint was a *sine qua non* of the allocation. The rule applicable is that if part of the resolution be void, other essential and connected parts are also void; but where that part which is bad is independent and not essentially connected with the remainder, the latter will stand. *Landis* v. *Vineland*, 54 *N. J. L.* 75; *Avis* v. *Same*, 55 *Id.* 285; *Passaic Water Co.* v. *Paterson*, 65 *Id.* 472. Other cases hold that if the parts are so connected and interdependent that the whole would not have been enacted unless all the parts could have been carried into effect, the whole is void. 43 *C. J.* 548. See *Wiesenthal* v. *Atlantic City*, 73 *N. J. L.* 245, 248. We conclude that all the provisions in the resolution of May 15th touching the town attorney were nugatory, and conferred no jurisdiction of any kind over that office, on the department of public affairs. Hence, the Laidlaw-McGlynn appointment had no legal support.

This result makes it unnecessary to consider the points, mainly of procedure, raised in the answering brief.

The record shows an information, a plea, and a demurrer to the plea. The demurrer opens the whole record, and on that record judgment will be entered for respondent, as the title of both parties is in issue, and relator has not shown title to the office in question. *Hawkins* v. *Cook*, 62 *N. J. L.* 84; *Manahan* v. *Watts*, 64 *Id.* 465; *Lane* v. *Otis*, 68 *Id.* 64; reversed on another ground, *Ibid.* 656; *Connors* v. *Hillman*, 86 *Id.* 490; *Bonynge* v. *Frank*, 89 *Id.* 239, 243; *Daly* v. *Garven*, 90 *Id.* 512.

Respondent is entitled to costs.