HIRAM EVERETT, PROSECUTOR, v. TOWN OF MONTCLAIR, A MUNICIPAL CORPORATION, IN THE COUNTY OF ESSEX, RESPONDENT.

Argued June 13, 1936—Decided June 25, 1936.

Before Justice PERSKIE, in chambers, pursuant to statute.

For the prosecutor, *William J. Camarata* (*Thomas Brunetto,* of counsel).

For the respondent, *George S. Harris.*

PERSKIE, J. The basic question presented is whether the board of commissioners of the town of Montclair, at an organ-

ization meeting under the Walsh act, could remove "the building department, including the office of building inspector," from one department to another.

At the organization meeting of the newly elected commissioners held on May 19th, 1936, the following resolution, among others, was adopted:

"Resolved, that the board of commissioners of the town of Montclair  *  *  *  that the executive, administrative, judicial and legislative powers, authority and duties appertaining to  *  *  *  the Building Department including the Office of Building Inspector  *  *  *  be and the same hereby are distributed into the Department of Public Works;  *  *  *  and the Director of Public Works is hereby vested with all the aforesaid  *  *  *  powers  *  *  *  and shall perform all duties  *  *  *  with respect thereto."

Pursuant to that resolution John Picken was appointed building inspector. At the time of his appointment an ordinance had been adopted on January 9th, 1936, under which the building department and the office of building inspector were vested in the director of parks and public property. In pursuance of that ordinance prosecutor was, on May 25th, 1936, appointed building inspector by Commissioner McMahan, who was the director of parks and public property.

It appears that the prosecutor had been building inspector for some years prior to the last election of commissioners. He was, however, dismissed before the last election of commissioners by the then director of parks and public property in charge of the building department. He sought a writ of *certiorari* to review that dismissal and the writ was denied by Chief Justice Brogan on May 2d, 1936.

All this notwithstanding, it is now urged for the prosecutor that the board of commissioners were without authority or power to adopt the challenged resolution of May 19th, 1936. The alleged lack of authority or power is rested upon the contentions that the commissioners could not, under the law, effect the change from one department to the other, as aforesaid, and, at all events, it could not be effectuated by a resolution.

The contentions are without merit. Section 4 of the Walsh act provides, *inter alia,* that "* * * The Board of Commissioners *shall* determine the powers and duties to be performed by each department and *shall assign such powers and duties* to such *departments as they in their judgment deem appropriate * * *." Pamph. L.* 1930, *p.* 996, *ch.* 221; *Cum. Supp. Comp. Stat.* 1925-1930, *p.* 1271, § **136-8, *subdiv.* 4. This evinces a clear legislative mandate; its words are imperative. *Foley* v. *City of Orange,* 91 *N. J. L.* 554; 103 *Atl. Rep.* 743. The ordinance operating on the construction urged for prosecutor would prevent the board of commissioners from carrying out the absolute obligation imposed upon it under the act. Such a construction is untenable. (See *State of New Jersey, ex rel. Orre et al.,* v. *Roosma et al.,* 14 *N. J. Mis. R.* 529, wherein Circuit Court Judge Wolber reviews the cases on the point here involved.) Nor is the contention that the redistribution of powers could not be effected by resolution sound. It is, of course, true that under the Home Rule act (*Pamph. L.* 1917, *ch.* 152) an office must be created by ordinance. *Toomey* v. *McCaffrey,* 116 *N. J. L.* 364; 184 *Atl. Rep.* 835. Obviously, that question is not in this case. What the *certiorari* seeks to review is not Picken's right to office. It merely seeks to review the resolution of May 19th, 1936, by which the building department including the office of building inspector were removed from the department of parks and public property to the department of public works. It was clearly within the power and authority of the respondent to make the change in the manner employed.

The rule is discharged, with costs.