VINCENT J. MURPHY, RELATOR, v. BOARD OF COMMIS-
SIONERS OF THE CITY OF NEWARK, RESPONDENT.

Argued October 6, 1937—Decided March 7, 1938.

Before Justices CASE and DONGES.

For the relator, *Thomas L. Parsonnel, Andrew F. Zazalli,
Bertram A. Garrigan* and *Sidney Finkel.*

For the respondent, *James F. X. O'Brien, Simon Eng-
lander* and *Thomas M. Kane.*

The opinion of the court was delivered by

DONGES, J.   This rule to show cause seeks to have the
board of commissioners of the city of Newark directed to
assign and distribute to one or more of the departments of
government of said city six subordinate agencies of govern-
ment, namely, the board of assessment and revision of taxes,
the board of assessment for local improvements, the depart-
ment of central purchase, the law department, the city clerk,
and the board of adjustment.

The organization meeting of said board of commissioners

was held on May 18th, 1937. At that meeting, appointments were made to the several agencies mentioned, but the duties thereof were not assigned to or distributed into any of the departments of city government.

This rule to show cause was allowed on July 6th, 1937. Subsequently, and on August 11th, 1937, a resolution was adopted by the board of commissioners providing that all of the executive, administrative, judicial and legislative authority and duties relating to the six agencies herein involved be "fixed and distributed into the Department of Public Affairs, Department of Public Safety, Department of Public Works, Department of Revenue and Finance, and Department of Parks and Public Property, except in so far as the same may be inconsistent with any laws of the State of New Jersey pertaining to the same," and the directors of the respective departments of public affairs, public works, public safety, revenue and finance and parks and public property, shall have supervision and direction over the aforesaid agencies, "except in so far as the same may be inconsistent with any laws of the State of New Jersey pertaining to the same."

By this resolution, it would appear to be the purpose to keep these agencies within and under the control of the board of commissioners as a whole.

Chapter 221 of the laws of 1930, *Pamph. L., p.* 996, provides: "The executive, administrative, judicial and legislative powers, authority and duties in such municipality shall be distributed into and among five departments," designating the departments as above * * *. "The board of commissioners shall determine the powers and duties to be performed by each department and shall assign such powers and duties to such department as they in their judgment deem appropriate, and they shall prescribe the powers and duties of all officers and employes and they may assign particular officers and employes to one or more departments and may require any officer or employe to perform duties in two or. more departments, provided the work required of such officer or employe in such different departments be similar in character * * *."

Obviously, the statute requires the assignment of all public duties by all governmental agencies under the direction of the board of commissioners to a department, and it further requires that where an officer or employe is assigned to more than one department that his work shall be similar in character. In other words, the statute as interpreted by our courts provides that the commissioners at the organization meeting shall assign the duties to be performed by the various major departments, that all agencies, officers and employes shall be assigned to a major department, and where an officer or employe has duties of a similar nature he may be required to perform such duties in more than one department. *Oliver* v. *Daly,* 103 *N. J. L.* 52; *Seaman* v. *Strollo,* 105 *Id.* 570, and other cases.

There can be no question of the duty of the board of commissioners to distribute the powers and duties of the agencies herein involved. That it did not do so at the organization meeting is conceded. The rule to show cause applying to the situation created prior to the date of its allowance, it follows that the relator was entitled to a writ of *mandamus* to compel such action.

Does the resolution of August 11th, fulfill the statutory duty to make such distribution? We think not. The assignment of duties to all of the major departments was, in effect, an assignment to the board as a whole and was not a compliance with the mandate to assign to an appropriate department or departments. The reasoning of *McGlynn* v. *Grosso,* 114 *N. J. L.* 540, where it was held that the attempt to reserve some power over officers in the board as a whole voided the resolution therein involved, applies to the case presently pending. We shall not undertake to fix the appropriate departments to which these agencies should be assigned. That we deem to be the duty of the commissioners. That the statute requires such designation we deem to be beyond doubt.

This leads to the granting of the application for a peremptory writ of *mandamus.*