MICHAEL N. TAGLIARENI, PROSECUTOR, v. JOSEPH STILZ, ANDREW BEST, HARRY J. HEINZ, LEO F. HONORE, AND BOARD OF COMMISSIONERS OF THE TOWN OF WEST NEW YORK, RESPONDENTS.

Argued October 6, 1937—Decided March 21, 1938.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and PARKER.

For the prosecutor, *Alfred Brenner.*

For the respondents, *Irwin Rubenstein* (*Leo Blumberg,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J. The town of West New York is governed by a board of commissioners, pursuant to the terms of the Commission Government act, known as the "Walsh act." *Pamph. L.* 1911, *p.* 462, as amended.

At the election of 1935, the prosecutor herein and all of the individual respondents were elected commissioners. At the organization meeting in 1935 each commissioner was assigned to a particular department pursuant to the provisions of section 4 of the act as amended by *Pamph. L.* 1930, *p.* 996. The prosecutor, Michael N. Tagliareni, was designated director of the department of parks and public property, giving him supervision over "the executive, administrative, judicial and legislative powers, duties and authority relating to parks and playgrounds, superintendent of parks and playgrounds, lighting of parks and playgrounds and board of health."

Apparently there was no change whatsoever in the designation of the respective directorships, until June 29th, 1937, when two resolutions were passed by the board, which resolutions are the subject of inquiry herein. These two resolutions were:

(a) A resolution vesting in the department of public affairs the duties and powers heretofore vested in the department of parks and public property, relating to parks and playgrounds, superintendent of parks and playgrounds, lighting of parks and playgrounds and board of health.

(b) A resolution vesting in the department of parks and public property, jurisdiction over the baby welfare station.

Now comes the prosecutor of this writ and contends that the commissioners were without power or authority to remove from the department of parks and public property some of the powers and duties theretofore assigned to it, and assign them to the department of public affairs.

That contention obviously requires an examination and consideration of the Walsh act as amended by *Pamph. L.* 1930, *p.* 996. The pertinent part of the amendment of 1930 reads:

"The board of commissioners shall determine the powers and duties to be performed by each department and shall assign such powers and duties to such department *as they in their judgment deem appropriate,* and they shall prescribe the powers and duties of all officers and employes and they may assign particular officers and employes to one or more departments and may require any officer or employe to perform duties in two or more departments, provided the work required of such officer or employe in such different departments be similar in character and make such other rules and regulations as may be necessary or proper for the efficient and economical conduct of the business of the city."

That legislation (whereby powers and duties are assigned to such departments as the commissioners in their judgment deem appropriate) carries out the underlying theory of the Commission Government act, namely, the centralization of power and responsibility. The development of the Walsh act since its original passage, by this and other amendments and supplements, clearly evinces a legislative purpose of conferring upon the board of commissioners the most complete power upon that municipal body in conformity with its original plan of centralizing power and centralizing responsibility in the event of misuse of that power. *Orre* v. *Roosma,* 185 *Atl. Rep.* 922; *Everett* v. *Town of Montclair,* 14 *N. J. Mis. R.* 535; 185 *Atl. Rep.* 925 (not officially reported). By the act, in view of the amendment of 1930, the board of commissioners acting through its majority, is the governing power in the municipality. Upon the board rests the responsibility for the proper functioning of the government of the municipality. By statute the board is vested with the power and charged with the duty of determining the powers and duties to be performed by each department, and of assigning, or at any time re-assigning such powers and duties to such department as the board of commissioners "in their judgment deem appropriate," and, in the absence of any evidence that such a determination and assignment was made in bad faith or was an abuse of discretion, a reviewing court will not disturb such action.

Our examination of the record fails to disclose any evidence—not even the slightest—of bad faith or abuse of discretion.

The resolutions brought up by the writ will be affirmed, with costs.