BENJAMIN P. LAIDLAW, PROSECUTOR, v. THE BOARD OF COMMISSIONERS OF THE TOWN OF WEST ORANGE, A MUNICIPAL CORPORATION, RESPONDENT.

Argued January 18, 1939—Decided February 23, 1939.

Before Justices CASE, DONGES and PORTER.

For the prosecutor, *Alfred J. Grosso.*

For the respondent, *Gerald T. Foley.*

The opinion of the court was delivered by

CASE, J. The town of West Orange is under the commission form of government (*R. S.* 1937, 40:70-1 *et seq.*), section 40:72-4 of which provides that "The executive, administrative, judicial and legislative powers, authority and duties in such municipality shall be distributed into and among five departments * * *." In harmony with that statutory direction the Board of Commissioners, by resolution adopted May 17th, 1938, ordered that "the Department of Public Affairs shall have supervision and direction of the following departments, offices and functions of the Town: * * * Overseer of the Poor * * * Department of Public Welfare." On September 6th, 1938, the board adopted a further resolution providing that "supervision and direction of the Department of Public Welfare and of the office of Overseer of the Poor be transferred from the Department of Public Affairs to the Mayor and the Board of Commissioners as a whole, and * * * that the Mayor be authorized to certify the payroll of the Department of Public Welfare and of the office of Overseer of the Poor." The last mentioned resolution is herein brought up by writ of *certiorari*. It is the contention of the prosecutor that it violates the above cited statutory direction as the same has been interpreted by the courts. *Murphy* v. *Board of Commissioners of Newark,* 119 *N. J. L.* 537; *affirmed,* 121 *Id.* 75; *O'Connell* v. *Bayonne,* 116 *Id.* 61; *Sykes* v. *Heinzman,* 100 *Id.* 12; *Seaman* v. *Strollo,* 105 *Id.* 570; *Post* v. *Anderson,* 111 *Id.* 303; *Foley* v. *Orange,* 91 *Id.* 554; *Crane* v. *Jersey City,* 90 *Id.* 109; *affirmed,* 92 *Id.* 248; *Apple* v. *Atlantic City,* 104 *Atl. Rep.* 89 (not officially reported); *Bogle* v. *Woods,* 10 *N. J. Mis. R.* 858.

The principle that the duties of the commissioners are to be assigned to appropriate departments and not retained to and assumed by the board as a whole is too thoroughly established to require discussion. The resolution in dispute, upon its face, offends that principle; but respondent seeks to establish a statutory exception to that general principle in chapter 83, *Pamph. L.* 1936, entitled "An act to provide for the pro-

tection, welfare of and financial assistance to certain needy persons in the State of New Jersey, providing for the administration thereof and prescribing penalties for the violation thereof," which, as amended by chapter 102, *Pamph. L.* 1937, restated in *R. S.* 1937, 44:8-1 *et seq.*, and further amended by chapter 123, *Pamph. L.* 1938, commands that "There shall be appointed in each municipality a local assistance board * * * to be appointed by the chief executive officer of the municipality, upon approval of the governing body, not more than one member of the governing body may be appointed to such board. * * * The local assistance board shall * * * appoint a director of welfare. * * * Such local assistance board shall administer public assistance within the municipality for which it is created subject to the provisions of this chapter and such rules and regulations as may be promulgated by the state commission."

The general framework of the 1936 legislation, with amendments, is not such as to suggest that the legislature, in passing it, had the peculiar machinery of commission governed municipalities in mind, but it does carry conviction that the legislature intended the statute to be mandatory upon every municipality regardless of the form of its government. And we are of the opinion that the legislature did not intend that the functioning of the local assistance board should be placed under the direction of any single member of the governing body; this for the reasons, among others, that in the 1936 statute was the provision (section 6 (b)) that "the governing body may create itself as the local assistance board" and in the 1938 statute that the local assistance board is to be appointed by the chief executive officer with the approval of the governing body and may contain not more than one member of the governing body, that member, however, by necessary inference as we think, to be one of, but not in the control of or in direction over, the local assistance board. We conclude, therefore, that it is not mandatory, and probably not lawful, for the local assistance board to be allocated to the Department of Public Affairs. But this does not dispose of the issue.

Neither the May 17th nor the September 6th resolution mentions the local assistance board. The latter resolution takes away from the Department of Public Affairs only that which the former lodged there, namely, the overseer of the poor and the Department of Public Welfare. We are given no definition of the Department of Public Welfare. We do not know what it embraces. As used in the former resolution, it could not have included the local assistance board for the town had, at that time, no such board and had made no provision for one. The "Department of Public Welfare" must, it seems, mean something else than "Local Assistance Board;" the two terms may have something in common and the functions of the two organizations may overlap or conflict; but the two are not co-terminous, or, at least, are not shown to be so.

Particularly does the insufficiency of the statute to support respondent's contention become apparent when reference is had to the overseer of the poor. The 1938 amendment provides that "nothing herein shall be construed to make the overseer of the poor of a municipality ineligible for appointment also as director of welfare by such local assistance board." But we are not informed that the overseer of the poor was appointed to be director of welfare. Indeed, our understanding is that he was not. And, whether he was or was not, it is not established that the overseer of the poor would have no functions outside of those of director of welfare. We think that the general principle of allocating the functions of municipal government to one or another of the five departments is too thoroughly established by statute and by decision to permit a divergence except under legislative provision. We find no indication that the legislature intended to diverge from that policy of municipal government beyond what is necessary to the operation of the cited legislation. It is not clear to us that the resolution of September 6th, 1938, was limited to, or even was designed to accomplish, the putting of the local assistance board under the Board of Commissioners as a whole. The resolution is set aside as void for the reason that it purports to allocate to the Board of Commissioners as a whole that which, under the law, should be assigned to a commissioner. Costs to the prosecutor.