HENRY W. MURPHY, PROSECUTOR, v. CITY OF BAYONNE ET AL., DEFENDANTS.

Submitted January 29, 1943—Decided July 12, 1943.

Before Justices CASE, DONGES and COLIE.

For the prosecutor, *Alfred Brenner*.

For the defendants, *Collins & Corbin* (*Edward A. Markley* and *Raymond J. Lamb*).

The opinion of the court was delivered by

DONGES, J. This writ of *certiorari* was allowed to review a resolution of the Board of Commissioners of the City of Bayonne transferring from the Department of Public Affairs to the Department of Public Safety control and supervision over the city clerk, the city clerk's office and the law department of the city. Prosecutor was a member of the Board of Commissioners and Director of the Department of Public Affairs.

The principles of law governing the power of the governing body and the function of the court in reviewing the action of the governing body are set out in the case of *Tagliareni* v. *Stilz,* 120 *N. J. L.* 5; *affirmed,* 121 *Id.* 49. Since the decision of that case the language of the statute has been changed slightly in that before the adoption of the 1937 revision, the statute gave the commissioners power to assign departments "as they, in their judgment, deem appropriate." By the revision, the Board of Commissioners was given power to make assignments to such departments "as it may deem appropriate." We are of the opinion that this change in terminology is not to be taken as evidencing an intention to alter the law and think that now, as before, the matter is entrusted to the sound judgment of the governing body. In *Tagliareni* v. *Stilz, supra,* it was said : "Upon the board rests the responsibility for the proper functioning of the government of the municipality. By statute the board is vested with power and charged with the duty of determining the powers and duties to be performed by each department, and of assigning, or at any time reassigning such powers and duties to such department as the Board of Commissioners 'in their judgment deem appropriate,' and, in the absence of any evidence that such a determination and assignment was made in bad faith or was an abuse of discretion, a reviewing court will not disturb such action."

The prosecutor contends that the transfer was not made in good faith but by reason of personal animosity and for political reasons. Some nine hundred pages of depositions are presented on this question. It seems clear that there was dissension between the prosecutor and the other four mem-

bers of the Board of Commissioners. Prosecutor claims that his independence of thought and action made the others displeased with him and resulted in political animus against him. The other commissioners charge the prosecutor with obstructionist tactics and failure to co-operate for the best government of the city. There are many charges of bad faith and ill will. The action of the prosecutor in making certain appointments to the law department, at night, in a private home and without previous consultation with his associates, was one of the sources of dissension. The action of the board in attempting to set aside these appointments, or some of them, is likewise involved. That matter is the subject of another writ of *certiorari* submitted along with the present writ.

Prosecutor was critical of the action of the commission in retaining upon several occasions the services of counsel outside the legal department for the carrying on of special pieces of litigation. This is defended by the commissioners on the ground that the importance of the work as well as the amount of it justified and required the employment of special counsel. In some instances Murphy concurred in the employment.

A reading of the record leads to the conclusion that probably neither party has been entirely frank and fair in the treatment of the other. But we are not persuaded that there has been shown bad faith or such a shocking abuse of discretion as to call for the intervention of this court in matters that are by statute delegated to the governing body of the municipality. We will not substitute our judgment for that of the commissioners. It is not our function to do so.

The next point is that the resolution violated the principle of equal distribution of governmental powers and was unreasonable and therefore void. What has been said above applies to this contention. The matter was one entrusted to the judgment of the Board of Commissioners and we cannot say that bad faith is shown.

Finally it is argued that subsequent to the assignment of powers and duties to a director, no transfer of such powers and duties can be made. Prosecutor admits the authorities

are contrary to this contention and insists that there should be an overruling of the previous decisions as they are precedents "created through the misconstruction of a statute." It is sufficient to say that we are bound by the decisions of the Court of Errors and Appeals in this regard.

The writ is dismissed, with costs.