THOMAS D. TAGGART, JR., PROSECUTOR, v. JOSEPH A. ALTMAN ET AL., RESPONDENTS.

Argued June 26, 1943—Decided October 4, 1943.

Before Justices PARKER, HEHER and PORTER.

For the prosecutor, *Louis B. Le Duc.*

For the respondents, *Elias G. Naame, Joseph A. Altman, Vincent S. Haneman* and *Paul M. Salsburg.*

The opinion of the court was delivered by

PORTER, J. The writ of *certiorari* allowed in this case brings before us for review two resolutions adopted by the Board of Commissioners of the City of Atlantic City on

May 21st, 1942. These resolutions reassigned certain of the powers, duties and departments among the respective commissioners. They were adopted by the unanimous votes of the four commissioners present, the respondents Altman, Bader, Casey and Cuthbert, and in the absence of prosecutor, Mayor Taggart. The effect of the resolutions was to divest the prosecutor of authority or control over several departments (notably the police department), all of which he had under his direction since the organization of the present commission two years previously.

The prosecutor contends (1) that the statute gives no power for the reassignment of powers and duties which had previously been assigned; (2) that the resolutions violated the principles of equal distribution of governmental powers and were unreasonable and therefore void; (3) that the resolutions were motivated by bad faith and were inimical to the public good. We conclude that there is no merit to these contentions. The law is well settled that the board has power to assign powers, duties and departments from time to time among the various commissioners which it may conclude in the exercise of sound discretion to be for the public good. *Tagliareni* v. *Stilz,* 120 *N. J. L.* 5; *affirmed,* 121 *Id.* 49; *Murphy* v. *Bayonne,* 130 *Id.* 336.

Voluminous testimony has been taken and has been carefully examined. As a result of that examination we come to the conclusion that the prosecutor has not successfully borne the burden of showing that the respondents were actuated by bad faith. The duty and responsibility of these officials to the people who elected them is to use their powers for the public good by the exercise of sound discretion, and we may not say that they have been recreant to this trust except upon clear and convincing evidence to that effect. This requirement, in our judgment, has not been met.

For these reasons the writ is dismissed, with costs.