[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 618 
This action, a proceeding in lieu of prerogative writs, seeks to vacate certain appointments of defendant Friedbauer made by Commissioner Andrus, and shortly, to test title to the office of Magistrate of the Municipal Court of the City of Passaic.
The essential facts, being matters of public record, are not in dispute. The Commission-governed City of Passaic, in accordance with the provisions of Chapter 264, as amended by Chapter 394 of the Laws of 1948, duly established, by ordinance, a Municipal Court as of January 1, 1949, and by Resolution adopted on December 28, 1948, assigned said court to the Department of Public Affairs. On the same day, subsequent to the adoption of said Resolution, plaintiff was appointed Magistrate of said court, both by Nicholas Martini, Director of Public Affairs, and by said Board of Commissioners, the appointment to take effect January 16, 1949, and duly qualified by subscribing the oath of office. In accordance with the provisions of Section 36 of said Chapter 264, plaintiff, then serving as Police Judge of the Police Court, automatically became Magistrate of said Municipal Court for a term equal to the balance of his unexpired term, which ended January 15, 1949, and seeks to hold title to and continue in said office by virtue of his appointment of December 28, 1948.
Defendant Andrus, Director of Public Safety, by Resolution dated May 20, 1947, had been assigned certain departments, boards and agencies, among which was the Police Court, and on December 18, 1948 and December 27, 1948, he appointed defendant Friedbauer as Magistrate of the Municipal Court for a term commencing January 16, 1949 and his appointee duly subscribed an oath of office for each appointment, and by way *Page 619 
of counterclaim seeks to have plaintiff's appointment set aside and his own declared valid.
The sole issue is whether plaintiff Pashman or defendant Friedbauer holds a valid appointment, and a mere recital of the foregoing admitted facts can lead, in my opinion, to but one conclusion, for while many points have been raised, the only meritorious question presented is that which is dispositive of the case, namely, who had the power of appointment at the time of a vacancy in the office of Magistrate.
After the organization meeting of the Commissioners and mandatory assignment of municipal offices to the several departments, the power of appointment vests in the individual Commissioner holding the department (Murphy v. Board ofCommissioners of Newark, 119 N.J.L. 537, aff'd 121 N.J.L.75) and by statute the Board of Commissioners, acting through its majority, is the governing power in the municipality, and is vested with the power and charged with the duty of determining the powers and duties to be performed by each department, and of assigning, or at any time re-assigning, such powers and duties to such department as the Board of Commissioners "`in their judgment deem appropriate,' and, in the absence of any evidence that such a determination and assignment was made in bad faith or was an abuse of discretion, a reviewing court will not disturb such action." Tagliareni v. Stilz, 120 N.J.L. 5, aff'd121 N.J.L. 49. The 1930 amendment to the Walsh Act provides that "The board of commissioners shall determine the powers and duties to be performed by each department and shall assign such powers and duties to such department as they in their judgment deemappropriate" and there is complete discretion in the board in distributing, assigning and re-assigning offices and departments at any time, or from time to time, and the courts will decline to review the propriety or reasonableness of any such distribution, assignment or re-assignment. Tagliareni v. Stilz, supra; Murphyv. City of Bayonne, 130 N.J.L. 336; Taggart v. Altman,130 N.J.L. 563. The last cited case holds:
"That the Board has power to assign powers, duties and departments from time to time among the various commissioners which it *Page 620 
may conclude in the exercise of sound discretion to be for the public good."
and
"The duty and responsibility of these officials to the people who elected them is to use their powers for the public good by the exercise of sound discretion, and we may not say that they have been recreant to this trust except upon clear and convincing evidence to that effect."
There has been no such evidence presented in this case.
The Resolution of the Board of Commissioners assigning the Municipal Court to the Department of Public Affairs on December 28, 1948 was, therefore, a valid exercise of its statutory power, and it is wholly immaterial in this determination to define the status of the Municipal Court. While the Municipal Court was established as of January 1, 1949, plaintiff's term as Police Judge (and thereafter as Magistrate) continued until January 15, 1949, and no vacancy could exist before that date. The valid appointing power necessarily rested in the Commissioner to whose department the office was assigned at that time, for it is obvious that one cannot make an appointment to become effective at a future time when he no longer is vested with the power of appointment. The vacancy and the power of appointment must coincide. As was held in Dickinson v. Mayor, c., of JerseyCity, 68 N.J.L. 99, 102:
"The official board or body of a municipality which is or will be in office at the time an appointee is to take his office can alone make an appointment to such office, unless there be express legislative authority otherwise. This rule is founded in sound public policy. Any other rule would work for confusion and disorganization in municipal affairs. If an existing board can appoint to an office falling within the term of the next incoming board, why not for one falling in the term of the same board two or five years hence?"
The same is true of an individual appointing power.
The inescapable conclusion is that both the Resolution of the Board of Commissioners assigning the Municipal Court to the Department of Public Affairs on December 28, 1948, and the subsequent appointment of plaintiff, Morris Pashman, by Nicholas Martini, Director of said Department, as Magistrate *Page 621 
of said court, were valid, and necessarily the appointments of defendant, Elmer Friedbauer, by Michael Andrus, Director of Public Safety, were null and void and are hereby set aside and vacated. Judgment accordingly.