[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 125 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 126 
The City of Passaic adopted the commission form of government in 1911. In the exercise of powers legislatively conferred upon them, the Board of Commissioners established a police court and assigned it to the Department of Public Safety. On December 14, 1948, in conformity with the 1947 Constitution and pursuant to chapter 264 of the Laws of 1948, as amended by chapter 394, an ordinance was adopted establishing a municipal court in the City of Passaic as of January 1, 1949. The term of office of the police court judge then in office ended on January 15, 1949, and by the terms of the ordinance establishing the municipal court, he was to continue as municipal magistrate for the balance of his term. On December 18, 1948, and again on December 27, 1948, the Director of Public Safety appointed defendant, Friedbauer, as municipal magistrate for a term of three years, from January 16, 1949. On December 28, 1948, the Board of Commissioners assigned the municipal court to the Department of Public Affairs and the Director of that Department appointed plaintiff, Pashman, as municipal magistrate for a term of three years beginning *Page 127 
January 16, 1949. On January 12, 1949, Pashman instituted an action in the Superior Court, Law Division, and obtained an exparte preliminary restraint preventing Friedbauer from exercising the office of municipal magistrate. Thereafter, the court entered a judgment determining that the transfer of the municipal court from the Department of Public Safety to the Department of Public Affairs and the appointment of Pashman as municipal magistrate was valid and the appointment of Friedbauer by the Director of Public Safety to the position to be invalid and set it aside. Defendants' appeal stems from this judgment.
Defendant, Andrus, contends that since he had authority to appoint the police court judge, he had authority during his term of office to appoint the municipal magistrate.
The general rule on prospective appointments is set forth in 46C.J., § 64, at p. 952, as follows:
"The general rule is that a prospective appointment to fill a vacancy sure to occur in a public office, made by an officer who, or by a body which, as then constituted, is empowered to fill the vacancy when it arises, is, in the absence of a law forbidding it, a valid appointment, and vests title to the office in the appointee. And an appointment to a new office to take effect on the establishment of such office may be made before the law establishing such office goes into effect. But an officer clothed with power of appointment to a public office has no right to forestall the rights and prerogatives of his successor by making a prospective appointment to fill an office, the term of which cannot begin until his own term and power to appoint have expired."
To exercise this power of prospective appointment, it appears from the quoted rule that it must be "made by an officer who, or by a body which, as then constituted, is empowered to fill the vacancy when it arises,". This establishes a requirement of definiteness of the power to fill the vacancy when it arises. The appointive power of the several commissioners under a commission form of government is subject to be assigned or withdrawn at any time in the discretion of the Board of Commissioners. InTagliareni v. Stilz, 120 N.J.L. 5, at p. 7 (Sup. Ct.
1938); affirmed, 121 N.J.L. 49 (E. A. 1938), Mr. Justice Trenchard states: *Page 128 
"* * * Upon the board rests the responsibility for the proper functioning of the government of the municipality. By statute the board is vested with the power and charged with the duty of determining the powers and duties to be performed by each department, and of assigning, or at any time re-assigning such powers and duties to such department as the board of commissioners `in their judgment deem appropriate,' and, in the absence of any evidence that such a determination and assignment was made in bad faith or was an abuse of discretion, a reviewing court will not disturb such action."
It becomes apparent then that the Director of Public Safety in the case sub judice is not an officer empowered to fill the vacancy when it arises under the rule if the Board of Commissioners reassigns his power of appointment to another before the vacancy occurs. In support of his argument that he has the power of prospective appointment the defendant, Andrus, draws an analogy to the prospective appointments made by the Governor of this State. To this we find a very important distinguishing feature in that the Governor, by virtue of his office, for a stated term with appointive powers allocated to him by the Constitution or by law has justifiable reason to expect that his powers will be continuing powers for the duration of his term of office. Whereas a commissioner, by virtue of his office, under the commission form of government, is charged with knowledge that duties and powers may be assigned to him or reassigned to another as the Board of Commissioners in their judgment deem appropriate. His powers are not vested powers but defeasible powers and are powers of such a nature as to be uncertain and indefinite as far as the rule of prospective appointments is concerned. To extend the rule to cover this situation would be unwarranted in the face of the requirement that the officer, at the time of the appointment, must be the officer empowered to fill the vacancy when it arises. The danger in extending the rule to cover the circumstances of this case would be that the will of the individual commissioner could defeat the authority of the board to reassign the powers of the commissioners in accordance with the dictates of the public welfare.
Defendant further contends that the municipal court, as established under the 1948 ordinance, is not a new court, *Page 129 
but is simply a continuation and alteration of the police court and the power to appoint the municipal magistrate was vested in the defendant, Andrus, as Director of Public Safety at the time he appointed Friedbauer. Contra, plaintiff contends that the municipal court is a new court, that the police court was abolished and the appointing power vested, therefore, in the Director of the Department of Public Affairs to which the municipal court was assigned. In accordance with the power conferred upon the Board of Commissioners by R.S. 40:72-4, the various departments of the governing body were established and the powers and duties to be performed by each department assigned pursuant to R.S. 40:72-5. The authority of the Board of Commissioners is a statutory power conferred upon it by the Legislature and in turn the duties and powers of the several commissioners as heads of the departments stem from the resolution of assignment adopted by the board. Tagliareni v.Stilz, supra; Murphy v. Bayonne, 130 N.J.L. 336 (Sup. Ct.
1943), and Taggart v. Altman, 130 N.J.L. 563 (Sup. Ct.
1943).
The legislative purpose in passing the 1948 statute and amendment thereof creating municipal courts clearly demonstrates that such court is intended to be an entirely new one and to abolish and supplant the former police and other municipal courts. In effect, the preamble of the act so states:
"Whereas, such courts of limited jurisdiction should be so established, altered or abolished in the interest of a simplified and thoroughly competent administration of local justice for the good and convenience of the people of the state; and * * *
"Whereas, the mandate of the people so given, in the interest of establishing responsibility for the true administration of justice, requires implementation by legislation to eliminate the present confusing, inefficient and frequently condemned system of local courts, and to create a simplified, modernized, and acceptable structure and system of local courts; therefore,"
Also section 15, P.L. 1948, c. 264, further provides that:
"The existing police, magistrate's or recorder's courts, by whatever name called, shall be continued until the expiration of the term of office of the police judge, magistrate, or recorder in office upon the *Page 130 
effective date of this act (chapter), or until December thirty-first, one thousand nine hundred and forty-eight, whichever is later, unless prior thereto the municipality has established a municipal court in accordance with the provisions of this act." (Parenthesis ours.)
Other provisions of the 1948 statute convince us that it created a new court with jurisdiction, practice, procedure, supervision and control different in many respects from the old police court. It was the establishment of a new court under the Constitution of 1947, as implemented by statute. It follows, therefore, that in the instant case, where the Board of Commissioners by ordinance established a municipal court pursuant to the 1948 statute, as amended, the powers relative to that office remained with the Board of Commissioners until assigned by resolution on December 28, 1948, to the Department of Public Affairs.
The case at bar is in many respects analogous to the case ofMorris v. Fagan, 85 N.J.L. 617 (E. A. 1914), wherein the office of city clerk was in dispute. A position designated as city clerk existed prior to the adoption of the Walsh Act by the municipality. Pursuant to the authority conferred by the Walsh Act, the newly elected Board of Commissioners appointed Fagan as one of the officers of the city under the title of City Clerk. Chief Justice Gummere, speaking for the court, at p. 619, said:
"* * * That office, although the incumbent thereof is designated the city clerk, is an entirely different one from that which was held by the relator, under a similar designation, prior to the organization of the board of commissioners. As has already been pointed out the relator's office was one the duties, powers and privileges of which were specifically provided by the Jersey City charter, while that now held by the respondent carries with it only those powers, privileges, obligations and duties which the board of commissioners see fit from time to time to impose upon the incumbent."
It is the opinion of this court that the appointment by the Director of Public Affairs pursuant to the authority conferred upon him by the resolution of the Board of Commissioners assigning the municipal court to his department was exclusively within his jurisdiction. *Page 131 
Appellant contends further that "the assignment of the municipal court, the successor of the police court, from the Director of Public Safety to the Director of Public Affairs was invalid and not in good faith." Assuming, but not conceding, that the assignment of the municipal court was in effect a reassignment of the police court, there is no evidence of bad faith or abuse of discretion on the part of the Board of Commissioners.
The judgment of the Superior Court, Law Division, is affirmed, with costs.