19 N.J. Super. 469 (1952)
88 A.2d 666
JOHN J. GROGAN, EDWARD J. BORRONE AND CARMELA FINIZIO, PLAINTIFFS,
v.
FRED M. DE SAPIO, MICHAEL M. BORELLI, THOMAS A. GALLO, THE MAYOR AND COUNCIL OF THE CITY OF HOBOKEN, N.J., A MUNICIPAL CORPORATION OF NEW JERSEY AND THE BOARD OF COMMISSIONERS OF THE MAYOR AND COUNCIL OF THE CITY OF HOBOKEN, N.J., DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided April 4, 1952.
*473 Messrs. McGlynn, Weintraub & Stein, attorneys for plaintiffs (Mr. Joseph Weintraub, of counsel).
Mr. Dominick J. Marrone, attorney for defendants, the Mayor and Council of the City of Hoboken and the Board of Commissioners of the Mayor and Council of the City of Hoboken, N.J.
Mr. Otmar J. Pellet, attorney for Fred M. De Sapio, Michael M. Borelli and Thomas A. Gallo.
PROCTOR, J.S.C.
Plaintiffs seek to set aside five resolutions adopted by the Board of Commissioners of the City of Hoboken at the organization meeting on May 15, 1951, by which the powers and duties of the board were distributed and assigned to each of the several departments of the commission. Plaintiffs, Grogan and Borrone, and defendants, De Sapio, Borelli and Gallo, are members of the defendant board of commissioners. The three defendant commissioners *474 voted in the affirmative for the resolutions in dispute, and the two plaintiff commissioners voted in the negative. Plaintiff, Finizio, is a resident and taxpayer of the defendant municipality.
Defendants' motion to strike the complaint for failure to state a cause of action was denied. (15 N.J. Super. 604 (Law Div. 1951)).
On May 8, 1951, a municipal election was held in the City of Hoboken, and out of a field of nearly 50 aspirants the successful candidates finished in the following order: Grogan, Borelli, Borrone, DeSapio, Gallo. Grogan and Borrone had been bracketed with three others on one ticket; DeSapio, Borelli and Gallo had been bracketed with two others on another ticket. Grogan, DeSapio and Borelli had been candidates for re-election; Borrone and Gallo had never served on the board before.
Subsequent to the election and prior to the organization meeting DeSapio, Borelli and Gallo met privately and prepared the resolutions now under attack. After their adoption at the organization meeting, other resolutions were adopted designating Grogan, Director of the Department of Parks and Public Property; Borrone, Director of the Department of Public Works; Mayor DeSapio, Director of the Department of Public Affairs; Borelli, Director of the Department of Public Safety; Gallo, Director of the Department of Revenue and Finance.
It is unnecessary to discuss in detail the contents of the challenged resolutions and the specific powers and duties assigned therein to the various departments. However, it clearly appears that, by their adoption, the powers and duties of each of the departments, of which plaintiff commissioners were designated directors, were negligible when compared to the powers and duties assigned to each of the departments headed by the defendant commissioners. In fact, so few powers and duties were entrusted to the departments assigned to the plaintiff commissioners that the difference between these departments, as they now exist, and their outright *475 abolition has all but reached the vanishing point, with the result that plaintiff commissioners are left as mere figureheads in charge of "skeleton" departments.
Plaintiffs contend that the aforesaid resolutions are invalid in that they were "adopted in bad faith and constitute an abuse of discretion and a fraud upon the Walsh Act." (R.S. 40:72-1 et seq.).
The defendant commissioners do not deny that the powers and duties assigned by the challenged resolutions to the departments headed by plaintiff commissioners were inconsequential. However, they maintain that the statute (R.S. 40:72-5) leaves it "entirely to the judgment of the board to determine what powers and duties are appropriate for each department to perform"; that "this discretion is legislative"; that "the statute fixes no formula or guide as to the manner in which such discretion is to be exercised, leaving that entirely to the dictates of the judgment and conscience of the Board of Commissioners, uncontrolled by the judgment and conscience of others"; that "the resolutions were adopted as provided by law" and "the motives of the members of the board adopting them are not proper subjects for judicial inquiry." R.S. 40:72-5 provides:
"The board of commissioners shall determine the powers and duties to be performed by each department and shall assign such powers and duties to each department as it may deem appropriate. * * *, and make such other rules and regulations as may be necessary or proper for the efficient and economical conduct of the business of the municipality."
Courts are reluctant to interfere with municipal action by questioning the motives of those entrusted with governmental power proceeding within the allowed sphere of action. Mere mistakes of policy or of judgment, within the conferred authority, are not ordinarily subject to judicial restraint. Reimer v. Allendale, 123 N.J.L. 563, 567, 568 (Sup. Ct. 1939). However, any discretion granted to public officers in the performance of their duties must be confined to such acts as they are empowered to perform. Discretion, *476 as embodied within the phrase, "as it may deem appropriate" (R.S. 40:72-5, supra), presupposes that it is to be exercised within the power granted.
A municipal corporation is a government of enumerated powers, acting by delegated authority. As respects both its strictly governmental office and its municipal character for the conduct of a local self-government, the Legislature is the exclusive source of its authority. The municipal corporation possesses only such rights and powers as have been granted in express terms, or arise by necessary or fair implication, or are incident to the powers expressly conferred, or are essential to the declared objects and purposes of the municipality. It has no inherent jurisdiction to make laws or adopt regulations of government. Edwards v. Mayor, etc., of Borough of Moonachie, 3 N.J. 17, 22 (1949); Jersey City v. Martin, 126 N.J.L. 353, 361 (E. & A. 1941); N.J. Good Humor, Inc., v. Bradley Beach, 124 N.J.L. 162, 164 (E. & A. 1940); 2 McQuillin, Municipal Corporations, 136, § 4.82 (3d ed. 1949).
The Legislature in the Walsh Act provided for the government of municipalities by a commission form of government, the commission to consist of three members in municipalities having less than 10,000 inhabitants, and of five members in municipalities having 10,000 inhabitants or more. R.S. 40:72-1, as amended L. 1948, c. 21. The City of Hoboken is in the latter class. It is mandatory under R.S. 40:72-4 that in any city of this class all the powers and duties vested in the board of commissioners by R.S. 40:72-2 and R.S. 40:72-3 be "distributed into and among five departments," provided therein. It is also mandatory that the board of commissioners assign the powers and duties to each department (R.S. 40:72-5) and at the first regular meeting after the election designate one commissioner to be director of each of these five departments. R.S. 40:72-6. The act contemplates that there shall be a division of authority and an imposition of individual responsibility in departmental work with each commissioner assigned to a single *477 department so that he may be held accountable for its management. Bogle v. Woods, 10 N.J. Misc. 858, 860 (Sup. Ct. 1932). After the various powers and duties of government have been distributed among the several departments and the appointment of directors has been made, the executive and administrative powers are to be exercised by the respective commissioner presiding over his department and not by the board of commissioners as a whole. Rubenstein v. Bayonne, 121 N.J.L. 97, 100 (Sup. Ct. 1938). The philosophy underlying the statute is that each commissioner as the head of a department shall have substantial executive and administrative powers and duties.
In construing the resolutions in issue, it is the ultimate result that is controlling, and that result must be supported by a proper exercise of the power conferred by the Walsh Act. American Grocery Co. v. Bd. Commrs. New Brunswick, 124 N.J.L. 293, 297 (Sup. Ct. 1940), affirmed 126 N.J.L. 367 (E. & A. 1941). If the challenged resolutions had taken the form of distributing the powers and duties into and among three departments instead of five, there could be no doubt of their illegality as being beyond any power granted. Is the court to condone an illusory compliance with the legislative mandate which accomplishes that very result? If no substantial powers and duties have been assigned to the departments of which plaintiff commissioners have been designated directors, can they be deemed departments within the intendment of the statute (R.S. 40:72-4)? Can the duties of a department be withheld and its powers so undermined as to render it, for all practical purposes, insignificant, and the department still be left intact? The court regards the reduction of a department to a state of futility, a fate to which each of the departments headed by plaintiff commissioners was relegated by the adoption of the challenged resolutions, as tantamount to its abolition.
A statute will not be construed to permit its purpose to be defeated by evasion. State v. Hand, 71 N.J.L. *478 137, 141 (Sup. Ct. 1904). See also Haber v. Goldberg, 92 N.J.L. 367, 374 (E. & A. 1918); Mendles v. Danish, 74 N.J.L. 333, 336 (Sup. Ct. 1907). The exercise of a statutory power in a manner not within the contemplation of the Legislature, to produce a result that could not have been foreseen by the Legislature, will not be countenanced as valid. Donohue v. Campbell, 98 N.J.L. 755, 763 (E. & A. 1923). The adoption of these resolutions, in effect, concentrated the powers and duties of five departments into three departments, thereby distorting the form of government established by the statute (R.S. 40:72-4) and thwarting the will of the electorate. The purpose of the resolutions and the practical results flowing from their enforcement cannot be ignored. McCarter v. McKelvey, 78 N.J.L. 3, 9 (Sup. Ct. 1909), affirmed sub nom. Attorney-General v. McKelvey, 78 N.J.L. 621 (E. & A. 1910). After their adoption the two departments, assigned to plaintiff commissioners, remained as mere ornamental appendages to the board of commissioners. If the board can disregard two departments in distributing the powers and duties of the commission and concentrate them in the remaining three, may it not disregard four departments and concentrate them in one? No matter the degree, the intendment of the statute is inescapable. The substitution of a form of government in which the powers and duties of the commission are lodged in three departments in the guise of five does not conform to the statutory requirement that all "powers, authority and duties in such municipality shall be distributed into and among five departments, * * *." R.S. 40:72-4. The board of commissioners has no power to accomplish by indirection that which it cannot do directly. Statutes "concerning municipal corporations formed for local government" should be "liberally construed in their favor" (Art. IV, Sec. VII, par. 11 of the Constitution of 1947), but courts will not hesitate to keep municipal authorities within the law and will intervene to prevent any municipal action which is not authorized by legislative grant. Laidlaw v. West Orange, 122 N.J.L. 133 (Sup. Ct. 1939); *479 Murphy v. Board of Commissioners of Newark, 119 N.J.L. 537 (Sup. Ct. 1938), affirmed 121 N.J.L. 75 (E. & A. 1938); McGlynn v. Grosso, 114 N.J.L. 540 (Sup. Ct. 1935); 2 McQuillin, Municipal Corporations, 667, 668, § 10.37 (3d ed. 1949).
Apart from the limitation discussed above and contrary to the impression of defendant commissioners, the power of the board to assign powers and duties to the several departments under R.S. 40:72-5 is not unlimited and absolute. Assuming arguendo that the words of the statute, "necessary or proper for the efficient and economical conduct" of municipal business, do not fix a norm or guide, nevertheless the acts of public officers must always be able to withstand the scrutiny with which the law regards the conduct of fiduciaries. The defendant commissioners' contention that the exercise of their discretion was left "entirely to the dictates of the judgment and conscience of the board of commissioners uncontrolled by the judgment and conscience of others" is contrary to the recent declaration of the Supreme Court in Driscoll v. Burlington-Bristol Bridge Co., 8 N.J. 433, 476 (1952), where Chief Justice Vanderbilt said:
"The citizen is not at the mercy of his servants holding positions of public trust nor is he helpless to secure relief from their machinations except through the medium of the ballot, the pressure of public opinion or criminal prosecution."
It is fundamental that a public office is a public trust. Municipal officers in the discharge of their duties do not act for themselves, but for the public. They are trustees, clothed with a trust, not for the corporation as such, but for the citizens and public who have confided the authority in them. Whenever the acts of public officers fail to conform to the standard imposed by the fiduciary relationship in which they stand to the public, relief will be available in the civil courts. Driscoll v. Burlington-Bristol Bridge Co., supra, at 474, 475, 476.
In justification of their action the defendant commissioners contend that they desired an opportunity to "explore" certain *480 charges made during the election campaign concerning the management of the Department of Parks and Public Property and the Department of Public Works in the prior administration. It is not for the court to pass upon the merit of those charges in this action, but, no doubt, the voters considered them in exercising their franchise. Grogan, who, in the former administration, had been Director of Parks and Public Property, was reelected by the highest vote among the candidates. Borrone had never held office as commissioner before, so that the campaign charges directed at the Department of Public Works in the preceding administration could in no way reflect on him. Moreover, it should be noted that campaign charges were also made against DeSapio and Borelli, relating to the management of their respective departments in the former administration. There was no thought of "exploring" these departments. It is significant that up to the time of the trial, eight months after the challenged resolutions were passed, no real effort had been made to investigate or "explore" either of the departments headed by plaintiff commissioners. At the organization meeting the citizens of the City of Hoboken were confronted by the unprecedented spectacle of public officials arrogating to themselves the authority to pass upon and defeat the will of the electorate. The court can find no authority whereby a group of commissioners can sit in judgment on their fellow commissioners and penalize them by withholding the prerogatives of their office, much less without a hearing or investigation and also after their vindication of campaign charges by the ballots of the voters. See Walsh v. Trenton, 117 N.J.L. 64 (Sup. Ct. 1936); State v. Jersey City, 25 N.J.L. 536 (Sup. Ct. 1856).
The cases cited by defendants are not in point. In Taggart v. Altman, 130 N.J.L. 563 (Sup. Ct. 1943); Murphy v. Bayonne, 130 N.J.L. 336 (Sup. Ct. 1943); American Grocery Co. v. Bd. Commrs. New Brunswick, supra; Reimer v. Allendale, supra; Tagliareni v. Stilz, 120 N.J.L. 5 (Sup. Ct. 1938), affirmed 121 N.J.L. 49 (E. & A. 1938); O'Connell *481 v. Bayonne, 102 N.J.L. 511 (Sup. Ct. 1926); Moore v. Haddonfield, 62 N.J.L. 386 (E. & A. 1898), the issue raised was the bona fide exercise of discretion, not the power of the board under the Walsh Act. Where there is a lack of power, discretion does not exist and court intervention is proper. Resolutions distributing the powers and duties of the board in a manner not authorized by the statute were set aside as invalid in Laidlaw v. West Orange, supra; Murphy v. Board of Commissioners of Newark, supra; McGlynn v. Grosso, supra. The court holds in the present case that the action of the defendant commissioners in adopting the challenged resolutions was in excess of any power granted by the Walsh Act. Therefore, it becomes unnecessary to consider the question of whether or not the individual defendants in voting for the adoption of these resolutions were actuated by improper motives or were guilty of an abuse of discretion.
The five resolutions were part and parcel of a single plan, as much so as if they had been combined in a single resolution. They are so connected and interdependent that all five would not have been enacted unless each separate resolution could have been carried into effect. Under the circumstances, all five are void and will be set aside. McGlynn v. Grosso, supra, 114 N.J.L. at page 544; Wiesenthal v. Atlantic City, 73 N.J.L. 245, 248 (Sup. Ct. 1906).
It is not the function of the court to assign the powers and duties to the respective departments. That function resides in the board of commissioners, and does not necessarily mean that the apportionment of powers and duties shall be equal, but it does require a reasonably fair distribution into and among the five departments so that each has a substantial share.
The five resolutions are set aside.