MARÍA TERESA QUIÑONES DE CORREA SUÁREZ, Petitioner and Appellant, *v.* PUERTO RICO TEACHERS' RETIREMENT BOARD, Defendant and Appellee.

No. 630.       Decided June 20, 1963.

*Virgilio Brunet* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Nilita Vientós Gastón, Assistant Solicitor General,* for appellee.

Division composed of Mr. Justice Blanco Lugo, as Chief Judge of Division, pro tempore, Mr. Justice Dávila, and Mr. Justice Ramírez Bages.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

According to the stipulation filed by the parties in the case at bar appellant, María Teresa Quiñones de Correa, on retiring on January 16, 1959 as a teacher and as a member of the Retirement System for the Teachers of Puerto Rico, provided by Act No. 218 of May 6, 1951 (18 L.P.R.A. §§ 321–366):

(1)  Had attained 50 years, 3 months and 16 days of age.

(2)  Had worked for the Government of Puerto Rico during the following periods:

(a)  Teacher          8 years   4 months   15 days (since school year 1930–31)

(b)  Employee of the Department of Labor          16 years  2 months   16 days (since Sept. 2, 1941)

| | | | | |
|---|---|---|---|---|
| c) Teacher | 1 year | 1 month | 3 days | (since Nov. 30, |
| Total | 25 years | 8 months | 4 days | 1957) |

(3) Her contributions to the Retirement Fund for the Teachers of Puerto Rico (then in force pursuant to Act No. 68 of May 8, 1928, as amended—18 L.P.R.A. p. 90) during the period classified under preceding letter (a) were transferred to the Retirement System for Officials and Employees of the Government of Puerto Rico, created by Act No. 23 of July 16, 1935 (3 L.P.R.A. p. 605) and to this system (and to its successor provided by Act No. 447 of May 15, 1951—3 L.P.R.A. § 761—designated as the "Employees Retirement System of the Commonwealth Government of Puerto Rico and its Instrumentalities") appellant continued to contribute during the period pointed out under preceding letter (b).

(4) When appellant resumed teaching for the period specified under preceding letter (c) she started to contribute to the "Annuity and Pension Fund for the School Teachers of Puerto Rico" established by § 4 of said Act No. 218 (18 L.P.R.A. § 323).

(5) The "Retirement System for the Officials and Employees of the Commonwealth Government" granted appellant a credit of 25.25 years for the periods classified under preceding letters (a) and (b) by virtue of the provisions of Act No. 447, *supra.*

(6) The System of Annuity and Pension for the School Teachers established by said Act No. 218 granted appellant a monthly income of $4.04 for the period designated under preceding letter (c) and sent her a check for the amount of $74.81 to cover the total amount of said monthly pay corresponding to the period from January 6, 1959 to July 31, 1959, which appellant did not accept, returning said check

on August 16, 1961 to the Executive Secretary of the Retirement Board of the Teachers of Puerto Rico.

On February 6, 1960 appellant filed a petition for mandamus in the Superior Court, San Juan Part, against the Teachers' Retirement Board and the Retirement Board of the Employees of the Commonwealth Government of Puerto Rico, alleging, in synthesis, that in the light of the facts previously stated she was entitled to a life annuity in accordance with § 19 of said Act No. 218 (18 L.P.R.A. § 338); that notwithstanding her application in writing to participate in the benefits of said Act, the Teachers' Retirement Board has not granted her the pension applied for and that in requesting the Retirement Board of the Employees of the Commonwealth Government of Puerto Rico to pay the part that corresponds to said system, the latter refused because appellant was not entitled to it, for she had not attained 58 years of age. In their answer appellees admitted certain facts alleged in the petition and denied others and filed four special defenses, two to the effect that the remedy in itself did not lie, and two to the effect that under the reciprocity plan provided by Act No. 59 of 1953 (3 L.P.R.A. §§ 797–806), in synthesis, appellant "is entitled only to a pension of approximately $4.04 monthly with the Teachers' Retirement System." After several incidents that would be too tedious to discuss,[1] the parties signed the aforesaid stipulation as to the facts on which the issue is based and submitted the case to the consideration of the trial court. It dismissed the petition

---

[1] The trial court in its order of August 15, 1960 further held that the special defense that mandamus did not lie because the administrative remedy had not been exhausted was untenable since by virtue of said Act No. 59 it was the retirement system that covered the appellant in retiring from public service—in this case the teachers' retirement system—to which she must address her application for a pension and the one to decide as to such application there being no appeal or administrative remedy provided by said Act No. 218 from the decisions in this respect of the Retirement Board of the Teachers. None of the parties has questioned this decision.

in an extensive and elaborate decision of October 24, 1961, which we affirm in part and modify, as we set forth below.

Appellant charges that the trial court committed six errors which we summarize as follows:

(1) In ignoring the part of the order rendered on August 15, 1960 by Judge Plinio Pérez Marrero deciding that appellant was entitled "now" to a pension and that the computations therein should be made by the Teachers' Retirement System. This is part of the order referred to in footnote 1 of this opinion.

(2) In determining that for the purpose of receiving such pension appellant must comply with the age requirement of Act No. 218 in relation to the teachers' retirement, as well as Act No. 447 in relation to retirement of government employees, and that she can only receive a proportional pension from each system in which she has served after having complied with the age requirement and years of service established by each one of said systems.

(3) In deciding that appellant is only entitled to a pension of $4.04 on the date of her retirement, according to said stipulation.

(4) That the judgment of the trial court is predicated on an erroneous interpretation which defeats the legislative intent expressed by the Commission of Elections and Personnel of the House of Representatives and the Senate of Puerto Rico in enacting said Act No. 59.

■ The first error was not committed. The order of August 15, 1960 was not a final judgment in the case at bar. It merely passed on some special defenses leaving in effect the main issue of the case to be decided at the hearing of the petition on its merits. Anyway, there was no reason why a contrary decision could not be entered when the case was submitted on its merits for decision and judgment.

The consideration of the other errors involve two main questions to be decided in this case: first, whether appellant

is entitled to the life annuity she requests from the Annuity and Pension Fund for the Teachers of Puerto Rico, upon retiring from public service on January 16, 1959, exclusively on the basis of complying with the age requirements and years of service therein, and second, if she is not, whether she should be paid the minimum life annuity of $720 fixed by § 21 of Act No. 218, *supra.*

We conclude that appellant is not entitled to the life annuity consisting mainly of the proportional annuity for retirement from the Employees Retirement System of the Commonwealth Government of Puerto Rico provided by the aforementioned Act No. 447 that has retained the contributions for retirement made by appellant during the periods set forth under preceding letters (a) and (b). However, appellant is entitled to the minimum life annuity referred to in the preceding paragraph. We state below the reasons in support of these conclusions.

Act No. 59 of June 10, 1953, known as the Reciprocity Act (3 L.P.R.A. §§ 797–806), establishes a plan to guarantee the continuity of credits for services, between the Employees Retirement System of the Government of Puerto Rico and its Instrumentalities, the Annuity and Pension System for the Teachers of Puerto Rico, the Retirement System of the University of Puerto Rico, the Employees Retirement System of the Puerto Rico Water Resources Authority, and any other system hereafter created. By means of this plan "Any employee who leaves the service of an employer to enter in the service of another employer maintaining a retirement plan as herein defined shall automatically become a member of that system, wherefore he shall not be entitled to reimbursement of the contributions accumulated in his favor in the retirement system from which he withdrew. Said contributions and the credits for accumulated services in his favor, as recognized to the employee by the system to which he belonged, shall remain in the system in which they were

established until the employee retires by reason of age, disability or years of service, under the provisions of the laws or regulations in force governing the retirement system to which he belongs at the time of his retirement, . . . At the time of his retirement, the system or systems wherein said credits have been established shall compute a proportional retirement annuity of the services credited to the employee in such system or systems." Section 3 of said Act, 3 L.P.R.A. § 799 (Supp.).

Appellant worked as a teacher starting in the school year 1930–1931 for 8 years, 4 months, and 15 days. During this period she belonged and contributed to the Teachers' Retirement System for the Teachers of Puerto Rico. Then she worked in the Department of Labor as employee of the Government of Puerto Rico for 16 years, 2 months, and 16 days, being a member and contributing to the Retirement System of the Employees of the Government of Puerto Rico. When this change of employment took place in 1941, the Reciprocity Act not being in force, the funds that appellant had contributed to the Teachers' Retirement System for the Teachers of Puerto Rico were transferred by said system to the Retirement System of the Employees of the Government of Puerto Rico. Finally, from November 30, 1957 to January 16, 1959, that is, for 1 year, 1 month, and 3 days, appellant worked again as a teacher in the Department of Education contributing as a member, to the Teachers' Retirement System. When appellant made this second transfer, and in accordance with the aforementioned § 3 of the Reciprocity Act, appellant's contributions then in the Retirement System of the Employees of the Commonwealth Government of Puerto Rico remained in said system. When appellant ceased as a teacher on January 16, 1959 she was 50 years, 3 months, and 16 days old and was entitled to credit for 25.25 years of service. At this time the systems in which these credits were established were bound to compute a proportional retire-

ment annuity for the services credited to appellant (§ 3 of Act No. 59, *supra*). On said date appellant complied with the age requirements and years of service of the Teachers' Retirement System—§ 2 of the aforementioned Act No. 218— (18 L.P.R.A. § 321) but, of course, not with the requirement of 58 years of age of the Retirement System of the Employees of the Commonwealth Government of Puerto Rico—§ 6 of the aforesaid Act No. 447—(3 L.P.R.A. § 766). What is the effect of this difference as to the minimum age requirement between these two retirement systems in the case at bar? The aforesaid Reciprocity Act provides to that effect as follows: (§ 4 of the aforementioned Act No. 59, 3 L.P.R.A. § 800 (Supp.)).

"In any case in which the employee retires under the provisions of a system at an age below the lowest or minimum optional retirement age fixed by another system which is to provide a proportional retirement annuity, the *beginning of the payments for such annuity shall be postponed until the employee shall attain the minimum retirement age prescribed by the system providing such annuity*." (Italics ours.)

This provision in itself might be interpreted in the sense that the postponement in question is only applicable between the two retirement systems, that is, that in the instant case the Retirement System of the Employees of the Commonwealth Government of Puerto Rico is not bound to pay to the Teachers' Retirement System the proportional annuity referred to in § 3 until appellant attains 58 years of age. The provision of § 8 of the Reciprocity Act (3 L.P.R.A. § 804) seems to strengthen this interpretation in holding that the retirement system providing a proportional retirement annuity shall transfer to the system under which the employee retires, at the end of each fiscal year, a sum equal to the amount of the payment of such annuity or a sum equal to the actuarial value of a retirement pension. According to appellant's contention, in spite of this, the latter system

is bound to pay her life annuity computed at the rate of 1.8 percent multiplied by 25 and multiplied by the highest average salary over 5 consecutive years, as provided by § 19 of Act No. 218 (18 L.P.R.A. § 338), because § 5 of the Reciprocity Act (Act No. 59 of June 10, 1953, 3 L.P.R.A. § 801) provides that *"The provisions of the law or regulations in force in the system to which the employee belongs on the date of his retirement shall govern and determine his eligibility for retirement or other benefits."* (Italics ours.)

We agree with appellant that in construing the Reciprocity Act we must consider all its provisions together; that in construing the statute we must endeavor to reconcile the different parts thereof; that any construction which may cause the annulment of a provision by another of the same Act should be discarded; that we must determine the intent or reason that the law maker had for enacting the statute in question, and that retirement statutes should be construed liberally in favor of the pensioners. *Ginsberg & Sons* v. *Popkin*, 285 U.S. 204 (1932); *Walton* v. *Cotton*, 15 L.Ed. 658 (1857); *Mendles* v. *Danish*, 65 Atl. 888 (N.J. 1907); *Yates County Nat. Bank* v. *Carpenter*, 23 N.E. 1108 (N.Y. 1890); Crawford, Statutory Construction 260, 261, 288, 289. In the *Ginsberg* case, *supra*, it was also stated that a specific term of a statute prevails over general terms of the same or another statute which otherwise might be controlling over a definite situation. In harmony with these rules of construction in order to decide appellant's right in the case at bar, we must consider, also, the last part of § 4 of the aforesaid Reciprocity Act which provides:

*"It is the intent of this paragraph that any employee entitled to a proportional retirement annuity shall begin to receive the corresponding payments from the retirement system providing such annuity at the same age and under the same conditions . . . as all other employees covered by said system, by using, in the case of such employee, the credits for services established under*

*all systems, as herein provided, to the end that no privileges are established for any employee under the provisions [§§ 1–10] of this Act as to the date on which retirement payments shall begin."* (Italics ours.)

Contrary to the possible statutory construction which we had previously pointed out following appellant's argument, this provision explains (1) that the "proportional retirement annuity" provided in this case by the retirement system of the employees of the insular government is a part of the "retirement annuity" to which appellant is entitled upon retiring, and (2) that she should begin to receive the corresponding payments from the retirement system providing such annuity *at the same age and under the same conditions as all other employees covered by said system;* that is, 58 years of age, *to the end that no privileges are established for any employee.* In other words, although in accordance with § 8 of the aforesaid Reciprocity Act, in the case at bar the retirement system of the employees of the insular government shall transfer yearly to the teachers' retirement system a sum equal to the amount of the payment of the proportional retirement annuity or a sum equal to the actuarial value of a retirement pension corresponding to appellant, the aforesaid last part of § 4 of said Act limits this obligation to transferring for the purpose of preventing privileges among employees, *the payments that the teachers' retirement system shall make to appellant from such transference or transferences which the latter shall begin to receive at the same age and under the same conditions as all other employees covered by the retirement system of the employees of the Commonwealth government.* The aforesaid limitation of § 4 stands notwithstanding the terms of § 8 since in providing for the transference of the proportional annuities it refers to the same "according to the provisions of this Act," that is, that § 8 refers specifically to the proportional annuities computed and limited according to § 4 referred to.

The problem is now reduced to deciding whether or not it is possible to harmonize the construction we just stated with the provision of § 5 of the Reciprocity Act to the effect that the provisions of the Act in force in the system to which the employee belongs on the date of his retirement shall govern and determine his eligibility for *retirement or other benefits*. Based on this provision appellant maintains that she is entitled to a "retirement annuity" computed according to the terms of § 19 of said Act No. 218 which regulates the retirement system for teachers, that is, equivalent to 1.8 percent multiplied by 25 and multiplied by the highest average salary over the last 5 consecutive years (appellant received compensation during four of the last five years as employee, for services to the government in the Department of Labor), such annuity being payable as soon as appellant ceased in her last employment as a teacher, although she is only 50 years old, for at that age she is also eligible under the teachers' retirement system. According to appellant the fact that this would undoubtedly upset actuarially the latter system should not be taken into consideration, for the legislative intent was to facilitate the transfer of employees from one service of the government to another and that any possible actuarial imbalance resulting therefrom would be corrected by legislative appropriations to the system suffering it. We do not doubt that under § 5 appellant is eligible for retirement at 50 years of age with her 25.25 years of service, and that the "other benefits" referred to in said § 5 could be benefits such as loans, insurance, and death benefits, etc., provided under the teachers' retirement system. But in the light of the clear and unquestionable last provision of § 4, to avoid that privileges be established for any employee, it postpones the payment to the pensioner provided by a proportional annuity until he attains the minimum age required as a condition for payment by the system which provides such annuity, we feel bound to conclude that the payment to

appellant upon ceasing in her last employment as a teacher, of the part of her "retirement annuity" attributable to the proportional annuity to be provided by the retirement system of the Commonwealth government employees, it cannot be considered as included among the "other benefits" provided by said § 5. The provisions of § 7 of the Reciprocity Act support this conclusion in providing that "On the date of separation of an employee due to . . . resignation or otherwise, the benefits of insurance, death, or other benefits, *excluding . . . retirement annuities, shall be governed by the provisions of the system to which he belongs at the time of separation . . .*" (Italics ours.)

■ Let us see, lastly, whether the construction we have made for present purposes is in harmony with the intent of the Legislature in formulating and enacting the above-mentioned Reciprocity Act. According to § 1 (3 L.P.R.A. § 797) the purpose of said Act is to establish a plan *to guarantee the continuity of credits for services* among the different retirement systems of public employees by means of which the employees shall maintain the continuity of all their rights for all services *rendered* to the government, its instrumentalities, and dependencies covered by any retirement system. The Report to the Senate of the Commission of Elections and Personnel of April 30, 1953 (II-II Journal of Proceedings 1301 (1953) (states that the purposes of said Act, in addition to what is stated in said § 1 therein are: (1) to provide a system which may facilitate the interchange of rights and the transference of credits for accumulated services among the different retirement systems that operate for the benefit of the employees and officials of the Commonwealth of Puerto Rico and (2) to make it possible that the credits accumulated by an employee who is transferred from one retirement system to another shall remain in the system in which they were established and that that system shall pay the proportional part corresponding to the

pension upon employee's retirement, *thereby foreclosing the possibility that the system to which an employee is transferred shall have to pay benefits which are not in proportion to the contributions that the employee and the employer have made to this system.* It seems evident to us from the terms of § 1 of the Reciprocity Act itself and of the report referred to that the purposes of the Legislative Assembly in enacting said Reciprocity Act were: (a) to provide for the continuity of the credits for services of the public employees, (b) to avoid the actuarial imbalance of the different retirement systems of the public employees and, to make this second purpose effective, (c) that "the retirement annuity" of each employee shall be the sum of the proportional annuities computed by each retirement system to which the employee had contributed during his public service, transferred annually, or in a sum equal to the value of the retirement pension, to the system to which the employee is contributing on the date of his retirement and each proportional annuity payable to the employee when he attains the minimum age required by the system which computes and transfers the proportional annuity. In our judgment, our decision that in this particular case the proportional annuity provided by the retirement system of the employees of the Commonwealth government is not payable to appellant until she attains the minimum age of 58 required by said system, is in absolute harmony with the aforesaid legislative intent and, on the contrary, the construction adduced by appellant is in conflict therewith, for in requesting that her "retirement annuity" be computed exclusively on the basis of what is provided in the teachers' retirement system would upset the actuarial balance of said system, does not take into account the plan for "proportional annuities" and above all of the requirement of § 4 of the Reciprocity Act that they are not payable until the employee attains the minimum age required by the system which provides such annuities, to the end that no privileges be estab-

lished for any employee. *Cf. Clínica Juliá v. Sec. of the Treasury*, 76 P.R.R. 476 (1954); *United States v. Public Utilities Commission*, 345 U.S. 295 (1953); *Marmon v. Railroad Retirement Board*, 218 F.2d 716 (3d Cir. 1955); II Sutherland, Statutory Construction, § 4702 (3d ed.).

Appellant alleges in her fourth assignment of error that the trial court erred in deciding that she was only entitled to a monthly pension of $4.04 from the "Teachers' Retirement System." An examination of § 21 of Act No. 218 (18 L.P.R.A. § 340) and of the aforecited § 5 of the Reciprocity Act is sufficient to determine that in effect the trial court erred in so deciding. Said section establishes one of the benefits of the Act "in force in the system to which the employee belongs on the date of his retirement" and which shall govern as to his retirement. The section referred to provides that if the teacher should retire from service for years of service rendered without having attained 58 years of age, he shall receive only the life annuity provided by the Teachers' Retirement Act (specifically in its § 19), which in no case shall be less than $720. In accordance with § 5 of the Reciprocity Act referred to, all periods of creditable services certified by other systems in accordance with the foregoing provisions shall be added to the years of service credited in the system under which he is to retire in order that such employee may establish his eligibility for a retirement annuity. Thus, appellant's 25 years of services under periods (a) and (b) pointed out in the stipulation referred to at the beginning of this opinion can be used in appellant's case to determine that she complies with the requirement of years of service required by § 19 of Act No. 218 to be eligible to receive the minimum retirement annuity provided in § 21 of said Act. Said § 4 specifically provides that in a case like this "The employee shall be entitled to receive the minimum retirement annuity provided by the system to which he belongs as of the date of his retirement." Appellant in this

case is entitled to receive from the Teachers' Retirement Board a minimum retirement annuity of $720,[2] for she was a member or participant in the system of annuities and pensions for school teachers and, as we have just stated, in retiring, she complies with the conditions prescribed by said system for the payment of said minimum annuity. The payment of this pension shall continue to be made to appellant until she has attained 58 years of age when the amount of the retirement annuity which shall be paid to her since then shall be computed, based mainly on the proportional annuity provided by the Retirement System for the Employees of the Commonwealth Government of Puerto Rico provided by Act No. 447 referred to.

The judgment will be modified to that effect and affirmed in its other pronouncements.

[2] The Substitute Bill to Senate Bill No. 505, approved in the regular session of 1963 of the Legislative Assembly of Puerto Rico, pending for consideration of the Governor of the Commonwealth, provides substantial amendments to §§ 2, 3, 4, 5, 6, 8, and 9 of Act No. 59 of June 10, 1953 known as the Reciprocity Act. But in accordance to § 3 of this Bill if it becomes law, its provisions "will not affect in any way those members of any retirement system that on the date of operation of this law are receiving a pension or retirement annuity" as is appellant's case, "for which purposes the text until now in force of the provisions herein amended shall stand."